JAMES FREDRICK SCHLEGEL,

        **Plaintiff,**

**v.**                                    **Case No:  6:16-cv-1236-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

## MEMORANDUM OF DECISION

      James Fredrick Schlegel (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income benefits.  Doc. 1; R. 1-7, 253-76.  Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing "to apply the correct legal standards at step four of the sequential evaluation process when he found that [Claimant] could perform his past work"; and 2) failing "to apply the correct legal standards to Mr. Schlegel's pancreatitis limitations and psychotic limitations at step four."  Doc. 20 at 2.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I.       THE ALJ'S DECISION

      In September 2012, Claimant filed applications for disability insurance benefits and supplemental security income benefits.  R. 268-76.  Claimant originally alleged a disability onset date of October 1, 2007, but later amended his alleged onset date to April 11, 2011.  R. 47-48, 268, 271, 289.

The ALJ issued his decision on March 19, 2015. R. 13-21. In his decision, the ALJ found that Claimant had the following severe impairments: diabetes mellitus type 2 and hyperlipidemia. R. 15. The ALJ found that Claimant had a residual functional capacity (RFC) to perform medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c).[1] R. 17. Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). This individual has the residual functional capacity to perform work at the medium exertional level. He can lift, carry, push and pull fifty (50) pounds occasionally and twenty-five (25) pounds frequently. He can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an eight (8) hour workday with normal breaks. He must avoid exposure to vibration, unprotected heights, and hazardous machinery. He must avoid concentrated exposure to extreme heat, cold, wetness, humidity, and irritants such as fumes, odors, dust, and gases. His work is limited to simple, routine, and repetitive tasks. This person should have no interaction with the general public and only occasional interaction with co-workers and supervisors.

R. 17. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing his past relevant work as a kitchen helper. R. 49. The ALJ thus found that Claimant was capable of performing his past relevant work as a kitchen helper. R. 20. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of his decision. *Id.*

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c); 416.967(c).

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

### A. Past Relevant Work

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. A claimant is not disabled if the claimant is capable of performing his past relevant work, which is defined as work performed within the last fifteen years that lasted long enough for the claimant to learn the work and that was substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(1), 416.920(a)(4)(iv), 416.960(b)(1); *see also Eyre v. Comm'r of Soc. Sec.*, 586 Fed.

Appx. 521, 523-24 (11th Cir. 2014) (per curiam). The claimant bears the burden of demonstrating that prior work experience was not "past relevant work." *Eyre*, 586 Fed. Appx. at 524; *Barnes*, 932 F.2d at 1359.

Substantial gainful activity is defined as "work activity that is both substantial and gainful." 20 C.F.R. §§ 404.1572, 416.972; *see also Eyre*, 586 Fed. Appx. at 524. Work activity is substantial if it "involves doing significant physical or mental activities," and is gainful if it is done "for pay or profit." 20 C.F.R. §§ 404.1572, 416.972; *see also Eyre*, 586 Fed. Appx. at 524. The chief consideration in determining whether prior work was substantial gainful activity is what the claimant earned doing that prior work. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1); *see also Eyre*, 586 Fed. Appx. at 524. "The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines." *Eyre*, 586 Fed. Appx. at 524 (citations omitted). However, the amount that a claimant earned doing the prior work is not dispositive if other evidence indicates that the claimant was engaged in substantial gainful activity. *Id.* ("the ALJ can consider other information, including whether the work performed was 'comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work.'") (citing 20 C.F.R. §§ 404.1574(a)(1), (b)(3)(ii)(A), 416.974(a)(1), (b)(3)(ii)(A)) (alterations in original).

Here, Claimant argued that the ALJ erred when he found that Claimant was capable of performing his past relevant work as a kitchen helper. Specifically, Claimant argued that his prior work as a kitchen helper was not substantial gainful activity, and thus, not "past relevant work." Doc. 20 at 10. Claimant did not argue that his position as a kitchen helper did not involve

significant physical or mental activities or that it was not done for pay or profit. Rather, Claimant argued only that Claimant's average monthly earnings while working as a kitchen helper were less than the Social Security Administration's guidelines, $900.00 in 2007 and $940.00 in 2008. *See* SOCIAL SECURITY ADMINISTRATION, SUBSTANTIAL GAINFUL ACTIVITY, http://www.ssa.gov/oact/cola/sga.html. To arrive at this determination, Claimant averaged his monthly earnings over the entire year, instead of over the period of time during which he worked as a kitchen helper.[2] However, a claimant's average monthly earnings while doing prior work is calculated by averaging the claimant's earnings over the actual period of work involved, not over the entire year. *See, e.g.*, SSR83-35, 1983 WL 31257, at *1-3 (1983); *Gentile v. Comm'r of Soc. Sec.*, 6:13-cv-1200-Orl-GJK, 2014 WL 4279057, at *3 (M.D. Fla. Aug. 29, 2014); *see also Martinez v. Comm'r of Soc. Sec.*, 132 Fed. Appx. 310, (11th Cir. 2005) (per curiam) (calculating the claimant's average monthly earnings from the year 2002 by dividing the amount the claimant earned by the number of months the claimant actually worked in 2002). Thus, the average monthly earnings figures relied on by Claimant are incorrect.

Although Claimant's average monthly earnings as a kitchen helper may possibly have been below the amount established by the Social Security Administration's guidelines, R. 297-307, the Court is unable to make such a determination with any certainty because Claimant failed to raise the issue to the ALJ during the hearing and failed to advise the Court of exactly how much of Claimant's 2007 and 2008 earnings were from his position as a kitchen helper. Claimant's failure to raise the issue to the ALJ at the hearing is fatal to his current argument. Substantial evidence

---

[2] Claimant worked as a kitchen helper for approximately three months in 2007 and for approximately one month in 2008. Yet to arrive at his average monthly earnings, Claimant divided his 2007 earnings by twelve and his 2008 earnings by twelve to arrive at his average monthly earnings.

existed to support the ALJ's determination that Claimant's position as a kitchen helper was substantial gainful activity,[3] yet Claimant, who was represented by counsel, failed to make any argument or showing at the hearing to carry his burden of demonstrating otherwise. R. 31-55, 301, 382, 390; *see Rivera v. Colvin*, 1:15cv146-MP/CAS, 2016 WL 4424973, *6 (N.D. Fla. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 4414792 (Aug. 18, 2016). Accordingly, the Court rejects Claimant's first assignment of error.

**B. RFC**

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

---

[3] Claimant reported that he worked a dishwasher – which the VE classified as a kitchen helper – for approximately four months, that he was paid $6.50 per hour, and that he worked an average of forty hours per week. R. 48, 301, 382, 390-91. This would equate to average monthly earnings of more than $1,040.00, which is more than the amount established by the Social Security Administration's guidelines. In addition, when describing his position as a "dishwasher," Claimant stated that he washed dishes, maintained the dishwasher, and helped prep food. R. 391. He further stated that he used technical knowledge or skills, and used machines, tools, and equipment. *Id.* Claimant stated that he worked eight hours per day while walking, standing, kneeling, crouching, stooping, and reaching. *Id.* Claimant stated that he lifted twenty-five to fifty pounds of dishes and carried them ten feet for eight hours each day. *Id.*

preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

Here, Claimant argued that a "great deal of evidence supported . . . severe limitations of hallucinations and [pancreatitis], but the ALJ failed to account for them in his findings." Doc. 20 at 11. However, the standard is not whether substantial evidence supported allegedly severe limitations for which the ALJ allegedly failed to account; the standard is whether substantial evidence supported the ALJ's purported decision to not account for Claimant's purportedly severe limitations. As such, the Court interprets Claimant's argument to be that substantial evidence does not support the ALJ's purported decision to not account for Claimant's purportedly severe limitations of hallucinations and pancreatitis.

The Court notes at the outset that it is clear from the ALJ's decision that he considered the relevant evidence of Claimant's hallucinations and pancreatitis.[4] R. 13-21. The ALJ specifically noted that Claimant's medical history was significant for pancreatitis and for bipolar disorder with psychotic features. R. 18. The ALJ further noted that Claimant's symptoms included, among other things, hallucinations and abdominal tenderness. *Id*.

Claimant's argument that substantial evidence supported severe limitations of hallucinations and pancreatitis, or rather that the ALJ's decision was not supported by substantial evidence, is unpersuasive. Doc. 20 at 11-13. Claimant merely cited records, some of which predate the relevant time period, that arguably support Claimant's allegation that he suffered from hallucinations and pancreatitis. However, Claimant raised no argument to suggest that there was not substantial evidence supporting the ALJ's decision.

---

[4] Claimant did not argue that the ALJ failed to consider this relevant evidence.

Upon review, the Court finds that the record is replete with evidence that would support the ALJ's decision not to account for these purportedly severe limitations. The ALJ specifically noted that Claimant did not require crisis stabilization; that Claimant was capable of taking care of himself and performing simple work; that Claimant was capable of managing his personal affairs and health care appointments; that Claimant's polysubstance abuse appeared to exacerbate Claimant's symptoms; that Claimant could interact appropriately with medical personnel; that Claimant testified that he did not have difficulty adhering to social norms or interacting with his family; that Claimant could manage his own money; that there was no evidence to indicate that Claimant's physical condition affected his ability to walk, stand, sit, or lift; that Claimant had good strength in all extremities with no evidence of pain through the full range of motion; and that, although there was evidence of abdominal tenderness, there was no evidence of significant pain or other physical symptoms that would require treatment. R. 18-20. In addition to the foregoing, the Court notes that during the relevant time period, Claimant's purported hallucinations were generally self-reported, not observed, and Claimant was generally found to be able to care for himself and have adequate thought processes, attention, and concentration.[5] R. 712-13, 718-20, 797-99, 807, 824-28. Claimant's physical exam results were also generally normal except for abdominal tenderness and occasional abdominal pain, which was not noted to be severe or to affect Claimant's strength or ability to care for himself. R. 677-96, 712-13, 816-18, 844-52. In fact, some of Claimant's records from the applicable time period did not list pancreatitis as an active problem, and specifically noted no abdominal tenderness or pain. R. 677-96, 845-52.

In addition, there is nothing in the ALJ's decision or the medical records to suggest that the ALJ's RFC determination did not account for any purported limitations arising from

---

[5] Claimant at times also denied having any hallucinations. R. 784, 824-28.

Claimant's purported hallucinations and pancreatitis. Even to the extent that the ALJ did fail to account for any such purported limitations, there is nothing to suggest that these purported limitations directly contradicted the ALJ's RFC determination.[6] *C.f., e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar)

For the foregoing reasons, the Court rejects Claimant's second assignment of error.

### IV.    CONCLUSION

For the reasons stated above, it is **ORDERED** that the Court:

1.    The final decision of the Commissioner is **AFFIRMED**.

2.    The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

 **DONE AND ORDERED** in Orlando, Florida on June 1, 2017.

---------------------------------------

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[6] Claimant did not present any argument that adequately set forth how Claimant's purported limitations directly contradicted the RFC determination. Claimant simply stated, without support or citation to Claimant's medical records, that someone with severe abdominal pain from pancreatitis could not lift, carry, push, pull, and stand/walk for six hours every workday. Doc. 20 at 13. Claimant also stated, again without support or citation to Claimant's medical records, that the "extremely unstable nature" Claimant's hallucinations would severely impact his ability to work on a consistent basis. *Id*.

Copies furnished to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Edgardo Rodriguez-Quilichini
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801